UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY DAVIS (#356886)

VERSUS                                                CIVIL ACTION

JONATHAN A. ROUNDTREE, ET AL            NUMBER 12-41-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 22, 2012.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY DAVIS (#356886)

VERSUS                                          CIVIL ACTION

JONATHAN A. ROUNDTREE, ET AL          NUMBER 12-41-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 12. The motion is not opposed.

Pro se plaintiff, an inmate confined in Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Kenneth Norris, Dr. Jonathan Roundtree and Dr. Jason Collins. Plaintiff alleged that he was denied adequate medical treatment in violation of his constitutional rights. Plaintiff sought compensatory damages and injunctive relief.

Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

### I. Factual Allegations

Plaintiff alleged that he has experienced hearing loss. Plaintiff alleged that on November 12, 2008, Dr. Roundtree issued him a medical duty status with a deafness protocol stipulation. Plaintiff alleged that at that time Dr. Roundtree recommended

surgery to address the problems he was experiencing with balance and dizziness.

Plaintiff alleged that on April 30, 2010, an audiogram was conducted. Plaintiff alleged that on January 24, 2011, his medical duty status was cancelled based on the audiogram test results.

Plaintiff alleged that on June 22, 2011, Dr. Collins examined the plaintiff for a series of ear infections. Plaintiff alleged that Dr. Collins recommended surgery on both ears and a medical duty status for deafness/hearing loss. Plaintiff alleged that Dr. Collins instructed him to keep a diary of episodes of dizziness. Plaintiff alleged that Dr. Collins failed to communicate with him regarding the entries he has made in the diary.

Plaintiff alleged that on September 27, 2011, Asst. Warden Norris prepared a first step response to his administrative grievance. Plaintiff alleged that in his response, Asst. Warden Norris stated that after a chart review was conducted he found that the plaintiff suffered from functional hearing loss but that the plaintiff's hearing is more than adequate for the purpose of communicating. Plaintiff alleged that Asst. Warden Norris based his response on the same audiogram test results which Dr. Collins relied upon to recommend a medical duty status and surgery. Plaintiff argued that Asst. Warden Norris should have consulted medical professionals and not relied on his own judgment to assess the plaintiff's medical condition.

## II. Applicable Law and Analysis

### A. Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

### B. No Physical Injury

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the defendants' alleged actions. The failure to allege physical injury precludes recovery of compensatory damages for mental or emotional injuries.

### C. Medical Indifference

Plaintiff alleged that Dr. Roundtree and Dr. Collins were deliberately indifferent to his serious medical needs when they modified his treatment and medical duty status based on physical examination and audiogram tests results. Plaintiff alleged that Dr. Roundtree ignored the medical opinion of Dr. Collins who recommended surgery and a medical duty status. Plaintiff further

4

alleged that Dr. Collins did not discuss with him the entries he made to a diary regarding episodes of dizziness.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not provide a basis for a civil action under 42 U.S.C. § 1983 for violation of a constitutional right. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

Plaintiff failed to allege any facts which state a claim of deliberate indifference by either Dr. Roundtree or Dr. Collins. Plaintiff's dissatisfaction with the diagnosis and treatment recommended by each physician is not sufficient to state a claim upon which relief can be granted.

**D. Response to Administrative Remedy Procedure**

Plaintiff alleged that Asst. Warden Norris' First Step Response to his administrative grievance was inadequate and he failed to consult with medical personnel before preparing his

response to the grievance. Plaintiff alleged that Asst. Warden Norris reviewed his medical records and test results and concluded that he was capable of communicating adequately.

Plaintiff does not have a constitutional right to have prison officials respond favorably to an administrative grievance or to have them consult with medical personnel before preparing a response.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted and this action be dismissed.

Baton Rouge, Louisiana, May 22, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE